77462. MEDICS PHARMACEUTICAL CORPORATION
v. NEWMAN.
(378 SE2d 487)

POPE, Judge.

Plaintiff Carol Lynn Newman was born June 23, 1964. During her pregnancy, Mrs. Newman's mother took a drug commonly known as DES. The drug was prescribed by Dr. Arthur A. Smith, an obstetrician, to prevent miscarriage. Dr. Smith testified he specifically prescribed Diastyl, a brand of DES marketed in the Atlanta area by defendant Medics Pharmaceutical Corporation. Defendant Medics did not manufacture the drug but purchased it from a manufacturer with the brand name and Medics' corporate name on the label of each stock bottle. Medics marketed Diastyl to Dr. Smith and other physicians. Medics denied it ever promoted the drug for use in preventing miscarriage. The printed information included with each stock bottle, known as the "product insert," listed several indicated uses for Diastyl but did not mention use for prevention of miscarriage. Nevertheless, evidence was presented that DES was commonly prescribed by physicians for preventing miscarriage at the time plaintiff was born.

In the early 1970's a correlation was discovered between use of DES during pregnancy and subsequent development of genital cancer in the female offspring of mothers treated with DES. In 1980, at the age of sixteen, defendant was diagnosed as having clear cell adenocarcinoma and underwent surgery for the removal of her uterus, cervix and vagina. Plaintiff brought an action against defendant to recover for her injuries. Although the original complaint alleged causes of action for negligence, strict liability and breach of warranty, the sole issue presented at trial was defendant's alleged negligence. Judgment

was entered on the jury verdict awarding plaintiff $811,692.50 in damages. Defendant appeals.

1. Defendant contends the trial court erred in denying its motion for directed verdict because no evidence was presented by which defendant could be held liable to plaintiff in negligence. Defendant argues it cannot be held liable for injuries arising out of the use of Diastyl to prevent miscarriages because it did not recommend or market its product for that purpose. However, evidence was presented from which the jury could conclude that defendant knew or should have known that physicians were regularly prescribing DES to prevent miscarriages. Whether a manufacturer or distributor of DES should have foreseen it would be used for preventing miscarriages is a question of fact for the jury. *Burel v. Berlex Labs.*, No. C84-1624A, slip op. at 7 (N.D. Ga. 1986). "The maker of an article for sale or use by others must use reasonable care and skill in designing it . . . so that it is reasonably safe for the purposes for which it is intended, *and for other uses which are foreseeably probable* . . . . (Emphasis supplied.)" (Punctuation and citations omitted.) *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 335 (319 SE2d 470) (1984). Because a jury issue was presented as to the foreseeability of the drug's use to prevent miscarriages, a jury issue was also presented as to whether defendant used reasonable care in determining whether the drug was safe for that use.

During closing argument, plaintiff's attorney stated to the jury that plaintiff does not claim defendant "did anything wrong in failing to tell the doctors that it could cause cancer." Instead, plaintiff's attorney based his closing argument on the theory that defendant was negligent in failing to inform the medical profession that the drug was not effective in preventing miscarriages. Dr. Smith testified that he was aware of studies questioning the efficacy of DES for preventing miscarriages but nevertheless prescribed the drug for that purpose because he had found it to be effective in his practice. Thus, defendant argues that its failure to warn the physician about the ineffectiveness of the drug was not the proximate cause of plaintiff's cancer. Defendant further argues that the statement by plaintiff's attorney in closing argument was an admission in judicio which would preclude plaintiff from recovering for defendant's failure to warn of the danger of cancer. Even if plaintiff were precluded from recovering for defendant's failure to warn of the specific, unknown danger of cancer, plaintiff was not precluded from recovering for breach of the general duty of a manufacturer to use reasonable care to provide a product which is reasonably safe for those purposes for which it could foreseeably be used.

"Negligence has no precise legal meaning. Among the best has been declared to be 'the failure to observe, for the protection of the

interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury.' [Cit.]" *Ford Motor Co. v. Carter*, 239 Ga. 657, 662 (238 SE2d 361) (1977). The issue raised by the evidence in this case was not whether defendant should have warned of a yet unknown danger but whether defendant used reasonable care and vigilance to discover *whether* any dangers were posed by using the drug to prevent miscarriages. Regardless of the theories argued by the attorneys to the jury, sufficient evidence was presented to submit the issue of defendant's negligence to the jury. Thus, the trial court did not err in denying defendant's motion for directed verdict.

2. We have considered defendant's remaining eleven enumerations of error and find them to be meritless.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 24, 1989 —
REHEARING DENIED FEBRUARY 7, 1989 —

B. J. Roberts, Jack Dorsey, Peter J. Krebs, for appellant.
Gary E. Jackson, A. Russell Blank, for appellee.